## PICKEN and Others *v.* WHISLER.

PLEADING.—*Promissory Note.—Vendor and Purchaser.—Incumbrance.*—Suit by A., the assignee, against B., the maker, upon a note which by its terms was to be paid when B., using due diligence, should collect another certain note given by C. to D., the payee of the note in suit, and assigned by D. to B., the complaint alleging, that the defendant had collected said note on C. Answer in three paragraphs: 1. Admitting the execution of the obligation sued on, but denying that the defendant had collected the C. note. 2. That the husband of the payee of the note in suit was indebted to the defendant, in a certain sum mentioned; that the note on C. was given to the defendant in payment of said indebtedness, and the obligation in suit was given for the residue of said note on C. in excess of said indebtedness; that at the maturity of C.'s note he paid thereon to the defendant a sum mentioned, being a certain amount in excess of said indebtedness; that before the commencement of this suit defendant tendered to plaintiff said excess, being less than the note in suit, which plaintiff refused to accept; and that defendant had ever since been ready, &c. 3. That the C. note was given in part consideration for a tract of land sold and conveyed to C. by D., by warranty deed; that D. derived her title to the land from her husband, without consideration; that a judgment rendered in the United States District Court against said husband became a lien on said land while said husband was seized thereof; that C., after maturity of his note, tendered to the defendant, in full payment thereof, a receipt for the balance due on said judgment, from the clerk of said court, and also a tax receipt from the treasurer of the proper county which was filed as a part of the answer; that the residue of the C. note was fully paid to the defendant at maturity; that upon receiving said receipts and said residue, defendant tendered to plaintiff the full amount of the obligation in suit, less the amount of said receipts, which plaintiff refused to accept; and that defendant has ever since been ready, &c.

*Held,* that the second paragraph, for failing to deny that C. had paid the whole sum due on his note before the commencement of this action, was bad on demurrer.

*Held,* also, that the third paragraph, for not averring that the balance of the judgment in the District Court was paid by C., was bad on demurrer; and if regarded as an argumentative denial of the allegation of the complaint, that the defendant had collected the C. note, it might have been sticken out on motion, but the proper result having been attained by demurrer, there was no available error.

APPEAL from the Tipton Circuit Court.

This was a suit by Whisler, as assignee, against "Picken & Vandevender," on the following written instrument:

"$208.00                 7th February, 1867.

We promise to pay to Sophia Bowlin, or order, the sum of two hundred and eight dollars, value received, waiving relief from valuation or appraisement laws. To be paid when we collect a note for six hundred dollars, dated January 1st, 1866, given by Francis H. Wheatley to Sophia Bowlin, and assigned by said Sophia Bowlin to us. Due diligence to be used in collecting the same. This note is also given conditional that said Sophia Bowlin pay the costs accrued in the case between us as plaintiffs and Haden Bowlin and Sophia Bowlin defendants, settled at this date by their agreeing to pay all costs.

(Signed.)           PICKEN & VANDEVENDER."

The complaint alleged, that the defendants had collected the note of six hundred dollars referred to, on Wheatley, and that the costs in the case named in the obligation had been fully paid.

The defendants answered in three paragraphs.

The first admits the execution of the obligation sued on, but denies that the defendants have collected the note on Wheatley, referred to in said obligation.

The second paragraph alleges, that one Haden Bowlin, the husband of said Sophia, was indebted to the defendants in the sum of three hundred and ninety-two dollars, and that the note on Wheatley was assigned to them in payment of said indebtedness, and the obligation in suit was given to said Sophia, for the residue of the Wheatley note; that at the maturity of the note on Wheatley, he paid thereon the sum of four hundred and seventy-five dollars and sixty-two cents, being eighty-three dollars more than the indebtedness of Haden Bowlin; and that on the 14th of January, 1868, the defendants tendered to the plaintiff said sum of eighty-three dollars, which he refused to receive; that they have ever since been ready and willing to pay said sum, and bring it into court for the plaintiff, and demand judgment for costs.

The facts set up in the third paragraph are, that the

Wheatley note was given in part consideration for a tract of land sold and conveyed to Wheatley by said Sophia, by a warranty deed; that she derived her title to the land, without consideration, from her husband, Haden Bowlin, on the 15th of October, 1866; that on the 30th of September, 1865, said Haden Bowlin, with one C. C. Bowlin, became the recognizance bail, in the sum of five hundred dollars, for one Clifton R. Bowlin, for the appearance of the latter at the November term, 1865, of the District Court of the United States, for the District of Indiana, at Indianapolis, to answer the United States on a criminal charge; that said Clifton R. Bowlin failed to appear at the time required, and said recognizance became forfeited, at the November term of said court; that suit was thereupon instituted on said recognizance, and on the 17th of May, 1866, a judgment was recovered thereon, in said District Court of the United States, against said Haden Bowlin and C. C. Bowlin, for the sum of five hundred dollars, and then became a lien on said land; that said C. C. Bowlin was wholly insolvent.

It is also averred, that said Wheatley, after the maturity of his note, "tendered to the defendants, in full payment of his note, a receipt in full of the judgment, from the clerk of said court, for the sum of one hundred and twenty dollars, also one tax receipt from the treasurer of Tipton county for six dollars and eighteen cents," which is filed as a part of the answer; that the residue of said note was fully paid to the defendants at maturity; "that upon the receipt of the receipts aforesaid, and money, the defendants tendered to the plaintiff the full amount of said obligation, on the 15th day of January, 1868, less the receipts for one hundred and twenty-six dollars and eighteen cents, being eighty-three dollars, which he refused to accept;" that the defendants have ever since been ready and willing to pay the same, and bring it into court for him in discharge of said obligation, and pray judgment for costs. A transcript of the proceedings and judgment in the District Court of the United States is filed with the paragraph and made part thereof.

A demurrer was sustained to the second and third para-graphs of the answer, because of their want of sufficient facts to constitute a defense; to which the defendants ex-cepted.

The cause was tried by the court, a jury being waived. The court found for the plaintiff, and rendered judgment in his favor for two hundred and twelve dollars and sixteen cents. A motion for a new trial was made and overruled; and proper exceptions were taken.

ELLIOTT, C. J.—The appellants insist that the Circuit Court erred in sustaining the demurrer to the second and third paragraphs of the answer. The second paragraph is clearly bad. It is averred in the complaint, that the appel-lants had collected the whole amount due on the Wheatley note. The paragraph admits that Wheatley paid four hun-dred and seventy-five dollars and sixty-two cents on the note at its maturity, and relies, as a defense to the action, upon a tender of eighty-three dollars before suit, being the excess of the sum so paid, over the amount due the appel-lants from Haden Bowlin; but it does not deny that Wheat-ley had paid the whole sum due on his note before the com-mencement of this suit. If the appellants had collected the full amount of the note on Wheatley before this suit was commenced, the plaintiff below was entitled to recover the amount of the note sued on, and a tender of a less sum could not defeat the action. The paragraph therefore fails to answer the whole cause of action, and the demurrer to it was properly sustained.

We think the third paragraph is also bad. It attempts to show a failure of the consideration, as to a part of the note on Wheatley, by showing that it was given in part consideration for a tract of land formerly owned by Haden Bowlin, the husband of Sophia, and from whom she derived her title, which she conveyed to Wheatley by a deed of warranty, and that a judgment in the District Court of the

United States against Haden Bowlin, whilst he was seized of the land, became a lien thereon; and it is averred, that Wheatley, after the maturity of his note, tendered to the appellants, in full payment thereof, a receipt of the clerk of said court for one hundred and twenty dollars, the balance due on said judgment, and a tax receipt for six dollars and eighteen cents, and paid the residue of his note to them. This was probably intended as an averment that Wheatley paid one hundred and twenty dollars on the judgment against Haden Bowlin in the District Court of the United States, to discharge the lien on the land; but we cannot give the language so liberal a construction.

The money may have been paid on the judgment by Haden Bowlin, or by C. C. Bowlin, the other judgment debtor, or by Clifton R. Bowlin, the principal in the recognizance, and the receipt therefor be tendered by Wheatley to the appellants. The averment of the tender of the receipt amounts to nothing. The appellants did not sue Wheatley on the note, but took upon themselves the burden of showing that, as to the sum of one hundred and twenty dollars, Wheatley had a valid defense, and a suit would, therefore, have been unavailing. The fact that the judgment was a lien on the land, could not of itself have availed Wheatley as a defense, had he been sued on the note; he must have gone further and have shown that he had paid the judgment to protect his title. The paragraph under consideration contains no sufficient averment of such payment by Wheatley, and we think the court did right in sustaining the demurrer.

The defense attempted to be set up was an unnecessary one, as the issue tendered by the complaint was, that the appellants had collected the whole of the note on Wheatley, and there was no complaint of any neglect in failing to collect it; still, if the paragraph had contained the proper averment of payment by Wheatley of the one hundred and twenty dollars on the judgment against Haden Bowlin, and had thereby shown a valid defense as to that sum, contain-

ing as it does the allegation of a tender of the residue of the note in suit, it would have constituted a good defense to the action.

If the paragraph may be regarded as an argumentative denial that the appellants had collected the whole of the note on Wheatley, still, as another paragraph contains a direct denial of that fact, the third paragraph might have been stricken out on motion; and as the proper result was attained by the demurrer, the judgment would not be reversed for an error in the mode of its accomplishment.

One of the reasons urged for a new trial is, that the finding of the court is contrary to the evidence, and overruling the motion is assigned for error. We think the objection well taken. The case was tried on the appellants denial that they had collected the note on Wheatley. The record contains the evidence, which shows conclusively that the appellants had only received four hundred and seventy-five dollars and sixty-two cents on the Wheatley note, and not the whole amount, as alleged in the complaint. It further shows that Wheatley paid one hundred and twenty dollars on the judgment in the District Court of the United States, and the further sum of six dollars and eighteen cents for taxes, which were a lien on the land at the time he purchased it. He paid the appellants the residue of the note, four hundred and seventy-five dollars and sixty-two cents, and claimed a set-off for the amounts so paid on the judgment againt Haden Bowlin and for taxes. The finding, from the evidence, of the isues tried, should have been for the appellants, and hence the court erred in refusing a new trial.

The judgment is reversed; with costs, and the cause remanded for a new trial, with leave to both parties to amend their pleadings.

*J. Green,* for appellants.

*J. W. Robinson, N. R. Overman,* and *G. W. Lowley,* for appellee.